**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **CHRISTOPHER KENT GRAYER,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| ***versus*** | § | NO. 1:25-cv-266 |
| | § | |
| | § | |
| **COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,** | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. Judge Hawthorn submitted a report recommending affirming the Commissioner's final decision denying Plaintiff Christopher Kent Grayer's application for Supplemental Security Income. Dkt. #15. Grayer timely filed objections to the Report and Recommendation. Dkt. #16. The court conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Grayer principally reiterates his contention that the administrative law judge ("ALJ") improperly concluded that his alleged neuropathy was not a medically determinable impairment because it was unsupported by objective evidence. He points to treatment records referencing neuropathy and complaints of burning and pain in his lower extremities, argues that a more restrictive residual functional capacity ("RFC") was "conceivable," and requests remand for a consultative examination with electromyography ("EMG"). These objections do not undermine the report's harmless-error analysis.

Judge Hawthorn did not determine that the ALJ necessarily was correct in finding neuropathy was not a medically determinable impairment. Rather, he assumed error and concluded that any error was harmless because the ALJ identified other severe impairments, proceeded through the sequential evaluation, considered Grayer's neuropathy-related allegations and treatment records, and assessed an RFC that significantly restricted Grayer's ability to stand and walk. That approach is consistent with Fifth Circuit law. *See Havice v. Bisignano*, No. 25-60287, 2026 WL 326020, at *2–3 (5th Cir. Feb. 6, 2026) (holding that failure to designate an impairment as severe did not require reversal where the ALJ considered the associated symptoms in assessing disability); *Herrera v. Astrue*, 406 F. App'x 899, 903 (5th Cir. 2010).

Grayer's objections still do not identify evidence establishing an additional work-related limitation attributable to neuropathy that the ALJ omitted from the RFC. As Judge Hawthorn explained, Grayer identifies no medical opinion imposing greater standing or walking restrictions, no neuropathy-related limitation on sitting, and no other specific functional restriction supported by the record but excluded from the RFC. Grayer's assertion that a different RFC is "conceivable" does not satisfy his burden to show that the alleged error affected his substantial rights. *See Havice*, 2026 WL 326020, at *2; *Jones v. Astrue*, 691 F.3d 730, 734–35 (5th Cir. 2012). Evidence that may support the existence of a diagnosis does not, without more, establish additional functional limitations beyond those already incorporated into the RFC.

Grayer also has not shown that remand is warranted for a consultative examination or EMG. An ALJ must obtain a consultative examination when it is necessary to enable the ALJ to make the disability determination. *See Webster v. Kijakazi*, 19 F.4th 715, 720 (5th Cir. 2021). The possibility that additional testing might be helpful does not establish that it was necessary. *See Wills v. Kijakazi*, No. 22-20609, 2023 WL 4015174, at *4 (5th Cir. June 14, 2023) (per curiam). Here, the ALJ had Grayer's testimony and treatment records, expressly considered the

evidence concerning his alleged neuropathy, and assessed substantial standing and walking limitations. Grayer identifies no unresolved evidentiary gap that prevented the ALJ from making an informed RFC determination and does not show what additional work-related limitation an EMG would have established. Accordingly, Grayer has not demonstrated reversible error.

Accordingly, the court OVERRULES Grayer's objections, ADOPTS the Report and Recommendation (Dkt. #15), and AFFIRMS the Commissioner's denial of benefits. A final judgment will be entered in this case, in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 2nd day of September, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE